UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**FILED**
AUG 1 5 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN RE: GOOGLE ANDROID CONSUMER
PRIVACY LITIGATION

MDL No. 2264

### TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendant Google Inc. (Google) moves to centralize this litigation in the Northern District of California. This litigation currently consists of six actions pending in three districts, as listed on Schedule A.[1] No party opposes centralization. Plaintiffs in the *Levine*, *King* and *Urias* Northern District of California actions support centralization in the Northern District of California. Plaintiffs in the Eastern District of Michigan action suggest selection of the Eastern District of Michigan as the transferee forum.

---

[*] Judges Paul J. Barbadoro and Marjorie O. Rendell took no part in the decision of this matter.

[1] A now-dismissed defendant in the Northern District of California *King* action, Flurry, Inc. (Flurry), notified the Panel of a potentially related action involved in MDL No. 2250 – *In re: iPhone/iPad Application Consumer Privacy Litig.* Flurry requested that these actions involving Google's Android operating system be centralized for coordinated, not consolidated, proceedings with actions (in some of which Flurry was also a defendant) containing similar allegations implicating the Apple iPhone and iPad. At oral argument, Flurry appeared to abandon this request, which several parties opposed; regardless, we decline to create a combined MDL docket with actions against Apple and Google. We have, however, separately centralized both MDL dockets in the Northern District of California, and their respective transferee judges may coordinate proceedings to minimize any inconvenience to any common defendants that may be named in the two MDLs.

The Panel has also been notified of two additional, potentially related actions filed in the Northern District of California. Plaintiff in one of those actions, the Northern District of California *Yuncker* action, brought claims only against Pandora Media, Inc. (which was previously a defendant in the Middle District of Florida action). At oral argument, plaintiff argued against including *Yuncker* in the centralized proceedings. Because these two actions are pending in the transferee court, the Panel need not determine whether the action should be included within the MDL proceedings. *See* Panel Rule 7.2(a) ("Potential tag-along actions filed in the transferee district do not require Panel action. A party should request assignment of such actions to the Section 1407 transferee judge in accordance with applicable local rules.").

The remaining potentially related action pending in the Southern District of Florida and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1 and 7.2, R.P.J.P.M.L.

-2-

On the basis of the papers filed and hearing session held, we find that these six actions involve common questions of fact, and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of the manner in which Google's Android operating system (Android OS) or apps downloaded to devices running the Android OS collect, store and/or transfer user information, including location information. Plaintiffs contend, *inter alia*, that Google engaged in improper business practices and violated users' privacy by using and sharing plaintiffs' data without authorization. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the Northern District of California is the most appropriate transferee district. Four related actions are already pending in this district and consolidated before Judge Jeffrey S. White, an experienced transferee judge. Common defendant Google is headquartered in the Northern District of California, where relevant documents and witnesses are located. Additionally, several non-party application developers, mobile advertising companies and mobile analytic companies are also located in this district.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Jeffrey S. White for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil         W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.     Barbara S. Jones

**IN RE: GOOGLE ANDROID CONSUMER
PRIVACY LITIGATION**  MDL No. 2264

### SCHEDULE A

<u>Northern District of California</u>

Beverly Levine, et al. v. Google, Inc., C.A. No. 3:11-02157
Juliann King v. Google, Inc., et al., C.A. No. 5:11-02167
Maritsa Urias, et al. v. Google, Inc., C.A. No. 5:11-02230
Tracey Lipton v. Google, Inc., C.A. No. 5:11-02427

<u>Middle District of Florida</u>

Jon Pessano, et al. v. Google, Inc., C.A. No. 8:11-01026

<u>Eastern District of Michigan</u>

Julie Brown, et al. v. Google, Inc., C.A. No. 2:11-11867